IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF PENNSYLVANIA

CRYSTAL DAWN UNCAPHER,        )
                              )
    Plaintiff,                ) No. 13-1517
                              )
    V.                        )
                              )
CAROLYN W. COLVIN,            )
Commissioner of Social        )
Security,                     )
                              )
    Defendant.                )

## SYNOPSIS

Plaintiff filed an application for supplemental social security income under Title XVI, of the Social Security Act. Plaintiff alleged disability due to mental disabilities, including attention deficit disorder ("ADD"), depression, bipolar syndrome, and learning disability. Her application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). Plaintiff now appeals to this Court. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff contends that the evidence as a whole demonstrates that her impairments meet Listings 12.02, 12.04, 12.05, and 12.06, and she is disabled. In particular, Plaintiff asserts that the ALJ was impermissibly selective in ignoring evidence of marked limitations in social functioning, and in concentration, persistence, and pace, which are pertinent to each of the Listings cited.

For example, Plaintiff complains that the ALJ discounted the opinion of consulting non-examiner Dr. Vizza. By report dated January 10, 2011, Dr. Vizza indicated "marked" in

response to "Difficulties in maintaining social functioning," in discussing the "B" criteria of various Listings. Dr. Vizza did not explain this conclusion. The ALJ explained that he gave great weight to Dr. Vizza's opinion, other than his opinion regarding social functioning. As to that opinion, the ALJ explained that claimant has had romantic relationships and is able to go out alone and participate in activities at a local center, and that there was no convincing evidence of a marked limitation.[1] Under the circumstances, this explanation is sufficient. Moreover, forms that "require only that the completing physician '… fill in a blank,' rather than provide a substantive basis for the conclusions stated, are considered 'weak evidence at best' in the context of a disability analysis.'" Smith v. Astrue, 359 Fed. Appx. 313, 316 (3d Cir. 2009) (citing Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993)). Moreover, I note that Dr. Vizza clearly stated "No," in response to the question, "Does the individual have social interaction limitations?" Dr. Vizza also indicated his opinion that the criteria of the Listings were not satisfied. Thus, his report as to Plaintiff's social functioning is potentially internally inconsistent or insufficiently supported. Thus, although I find no error in the ALJ's treatment of Dr. Vizzi's opinion, I note that additional grounds support the ALJ's conclusion in that regard.

Plaintiff also complains that the ALJ improperly assessed the opinion of Dr. Uran, a consulting examiner. First, she avers that the ALJ ignored Dr. Uran's November 2009 report that she had, in Plaintiff's words, "serious" limitations in concentration and task persistence. Dr. Uran, however, did not state such limitations. Instead, in 2009, Dr. Uran checked "simple only" for carrying out instructions, rather than "confuses" or "overwhelm." For "Task from Beginning to End," Dr. Uran checked "needs extended time," and did not select options for "attentional difficulty," "confuses," "short-term only" or "overwhelm." For "consistent pace" she checked,

---

[1] "Marked" means "the degree of limitation is such as to seriously interfere with the ability to function independently, appropriately, effectively, and on a sustained basis." Romain v. Comm'r of Soc. Sec., 2014 U.S. Dist. LEXIS 41144, at *6 (D.N.J. Mar. 26, 2014)

3

"slow." Dr. Uran indicated none, mild, or moderate limitations in all areas, except that she checked between moderate and marked for "carry out detailed instructions," "interact appropriately with the public," and "respond appropriately to work pressures in a usual work setting." Plaintiff complains that the ALJ ignored Dr. Uran's 2011 assessment of difficulties in social functioning; she does not, however, point to a specific issue or statement in the 2011 report that the ALJ ignored.[2]

Moreover, "an ALJ is not required to specifically address every single statement made by a physician, if it is clear that he reviewed and considered the entire record." Corona v. Comm'r of Soc. Sec., 2014 U.S. Dist. LEXIS 132131, at *4 (W.D. Pa. Sept. 18, 2014). In this case, the ALJ specifically and thoroughly discussed Dr. Uran's 2009 and 2011 evaluations. In other words, it is clear that he reviewed and considered the entire record.[3] I find no error in that regard. I note, too, that the ALJ's residual functional capacity ("RFC") accommodated these issues, by limiting her to no contact with the public, and no more than occasional superficial contact with co-workers. The RFC also limited Plaintiff to low stress work, with infrequent unexpected changes in the workplace, no complex decisionmaking, and no high volume productivity requirements; and to simple, routine, repetitive tasks.

## CONCLUSION

In sum, I find that the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

---

[2] Potentially pertinent items on the page of the record to which Plaintiff cites include, "The clinical profile associates with individuals who typically have difficulty abiding by rules and regulations as well as authority. Such individuals also tend to over-react to situations and are prone to difficulties modulating anger and violent outbursts." This is a discussion of a clinical profile, and not of Plaintiff's condition or limitations in particular.

[3] This conclusion encompasses Plaintiff's assertion that the ALJ failed to address a letter from her neighbor of one year, indicating that Plaintiff has a difficult time concentrating, has no friends, throws tantrums if she doesn't get her way, and sleeps a lot. The ALJ specifically referred to that letter, and it is clear that he considered it along with the remainder of the pertinent record.

**ORDER**

AND NOW, this 15th day of January, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is denied, and Defendant's granted.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court